UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **NICHOLS BRAND STORIES,** | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-00234-SLC |
| | ) |
| **INSTRUCTIONAL ABA CONSULTANTS INC.,** | ) |
| | ) |
| Defendant/Counter-Claimant.[1] | ) |

## OPINION AND ORDER

Plaintiff filed this breach-of-contract action against Defendant in Allen County Superior Court on April 2, 2021. (ECF 4). Defendant removed it here on June 18, 2021, on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, asserting in its notice of removal that the thirty-day removal deadline was not triggered until June 11, 2021, making the removal timely. (ECF 1 ¶ 8).

Now before the Court is a motion to remand filed by Plaintiff on July 2, 2021, asserting that contrary to Defendant's representations, the removal was untimely and the case should be remanded to state court. (ECF 10). Defendant filed a response in opposition to the motion on July 13, 2021. (ECF 15). Plaintiff did not file a reply, and its time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3). Therefore, the motion to remand is ripe for ruling.

*A. Applicable Legal Standard*

"The general removal statute includes two different 30-day time limits for removal." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823 (7th Cir. 2013). "The first applies to cases that

---

[1] For ease herein, Plaintiff/Counter-Defendant shall be referred to as simply "Plaintiff," and Defendant/Counter-Claimant as "Defendant."

are removable based on the initial pleading." *Id.* "In such a case, the notice of removal 'shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief'. . . ." *Id.* (first alteration in original) (quoting 28 U.S.C. § 1446(b)(1)). But if the case is not removable based on the initial pleading, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertainable that the case is one which is or has become removable." *Id.* (quoting 28 U.S.C. § 1446(b)(3)).

"The 30-day removal clock does not begin to run until the defendant receives a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal are present." *Id.* at 824. That is,

> [T]he timeliness inquiry is limited to the examining contents of the clock-triggering pleading or other litigation paper; the question is whether *that document*, on its face or in combination with earlier-filed pleadings, provides specific and unambiguous notice that the case satisfies federal jurisdictional requirements and therefore is removable. Assessing the timeliness of removal should not involve a fact-intensive inquiry about what the defendant subjectively knew or should have discovered through independent investigation.

*Id.* at 825 (citations omitted). The Seventh Circuit Court of Appeals has stated that "[t]his bright-line rule promotes clarity and ease of administration for the courts, discourages evasive or ambiguous statements by plaintiffs in their pleadings and other litigation papers, and reduces guesswork and wasteful protective removals by defendants." *Id.* (footnote omitted).

## B. Discussion

In its notice of removal, Defendant alleges that the citizenship of Plaintiff, a limited liability company, first became apparent to Defendant on June 11, 2021, "when Plaintiff filed affidavits of both of its members[, Barry Armbruster and Karla Powell,] stating that they both were residents of Indiana." (ECF 1 ¶ 8; ECF 1-1 at 131, 156); *see Thomas v. Guardsmar*, LLC,

487 F.3d 531, 534 (7th Cir. 2007) (stating that a limited liability company's citizenship for purposes of diversity jurisdiction is the citizenship of each of its members). Plaintiff, however, contends in the motion to remand that this allegation by Defendant is "disingenuous[.]" (ECF 10 ¶ 14).

More specifically, Plaintiff argues in the motion that its "members' residency has not changed since April 2, 2021 . . . [and thus] this predicate for removal was present as of April 2, 2021," making Defendant's removal untimely. (*Id.* ¶¶ 14, 15). Plaintiff asserts that "Defendant's representatives were aware of Mr. Armbruster's and Ms. Powell's residency at the time the case was originally filed" because: (1) Armbruster previously participated in lobbying efforts with Greg Haney, Defendant's chief financial officer; (2) Plaintiff previously commissioned Haney to conduct a financial study of Plaintiff, during which time Haney became aware of Armbruster's and Powell's residency; and (3) Armbruster's and Haney's children attend the same school system. (*Id.* ¶¶ 16, 17). Plaintiff further faults Defendant for failing to conduct any inquiry into Armbruster's and Powell's citizenship after they were identified in Plaintiff's initial disclosures. (*Id.* ¶¶ 19-22).

Applying the legal standard set forth in *Walker*, 727 F.3d at 825, neither the identity nor the residency or citizenship of Plaintiff's members are apparent in the complaint. (*See* ECF 4). Rather, it was not until June 11, 2021, when Plaintiff filed two affidavits in response to Defendant's motion to dismiss, that the record revealed Plaintiff's members' identity and residency. (ECF 1-1 at 131, 156). Therefore, under the bright-line rule set forth in *Walker*, the thirty-day removal clock did not start to run until Defendant received the two affidavits on June 11, 2018. *See also Mich. City v. Hays-Republic*, 3:20-CV-608-JD-MGG, 2020 WL 5757986, at *4 (N.D. Ind. Sept. 28, 2020) ("[Where] [n]either the amount in controversy nor the citizenship of

co-defendant Milton Roy were clearly set forth on the face of the complaint, . . . [t]he clock would have been triggered upon UniControl's receipt of some other litigation paper establishing the amount in controversy and Milton Roy's citizenship."). As the Seventh Circuit has stated, "[a]ssessing the timeliness of removal should not involve a fact-intensive inquiry about what the defendant subjectively knew or should have discovered through independent investigation." *Walker*, 727 F.3d at 825. Consequently, the motion to remand is unpersuasive.[2]

In sum, the thirty-day removal clock was triggered on June 11, 2021, when Plaintiff filed affidavits of its two members, setting forth their identities and residency. Consequently, Defendant's removal of this case one week later on June 18, 2021, was timely, and the motion to remand (ECF 10) is DENIED. The Court will set a preliminary pretrial conference by separate entry.

SO ORDERED. Entered this 31st day of August 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[2] Defendant also alleges in the notice of removal that Plaintiff did not notify Defendant that Plaintiff was seeking damages in excess of $75,000 until May 27, 2021, when Plaintiff's counsel sent settlement correspondence to Defendant's counsel. (ECF 1 ¶ 7). Plaintiff disagrees in the motion to remand, asserting that the complaint (and the contract attached to it) and Plaintiff's initial disclosures adequately notified Defendant that more than $75,000 was in controversy on "[a]t the latest, May 11, 2021." (ECF 10 ¶ 13). Notably, the complaint simply alleges that Defendant refused to pay three monthly invoices (totaling in the aggregate $33,815.62), and that Plaintiff seeks "damages, costs, and expenses in an amount to be proven at trial[,] . . . . [as well as] "reasonable attorney's fees." (ECF 4 ¶¶ 6-8; ECF 4-1 at 9). As to Plaintiff's initial disclosures, it states that "Plaintiff is entitled to payment under the contract, including all invoices already provided[,] . . . [together with] attorney's fees under the contract." (ECF 10 ¶ 12). Because the Court finds that the thirty-day removal deadline was not triggered until June 11, 2011, when the record first reflected the diversity of the parties' citizenship, it need not reach the parties' dispute about the notification of the amount in controversy.